## Case No. 14,557.

### UNITED STATES v. BEDDO.

[5 Cranch, C. C. 378.] [1]

Circuit Court, District of Columbia. Nov. Term, 1837.

WITNESS—NEGRO—MULATTO BORN OF WHITE WOMAN.

Indictment for larceny. The defendant was a colored man, born of a white woman.

THE COURT rejected, as witnesses, free colored persons, not born of white mothers.

Verdict, not guilty.

[See Case No. 14,456.]

---

## Case No. 14,558.

### UNITED STATES v. BEDE.

[Nat. Intel. (Washington, D. C.) June 23, 1837.]

Circuit Court, District of Columbia. 1837.

NUISANCES—KEEPING DISORDERLY HOUSE.

[A person who keeps a public house, which is open on Sundays as well as other days, and in which liquors are sold to persons not lodgers in the house, and in some cases to persons who are drunk when they come in and when they go out, and who act in a noisy and boisterous manner upon the streets. is guilty of keeping a disorderly house.]

[Cited in U. S. v. Columbus, Case No. 14,-841.]

Indictment for keeping a disorderly house.

Mr. Burr, a police officer, proved that the traverser kept a shop with the word "Oysters" painted near the door; that he sold liquors, which were drank in his shop; that he sold liquors to persons who were neither lodgers nor boarders in the house; that he did not keep beds or stables for the accommodation of lodgers and travelers; that he had seen people drinking there, but had not seen men there so drunk as to be disorderly, and had not seen habitual drunkards there.

David Waters, a police officer, said he had seen people drinking there, and some who were habitual drunkards; that he never saw any disorder in the house beyond the loud talking of men drinking; but has seen them. when they came out, shouting, and whooping and skylarking. By skylarking he means feeling strong and going through the streets knocking down a sign post or a man when in their way. He further said that the goings on at these little shops were different from the large ones At the large ones, when a drunken man comes in, the practice is to send for a gentleman constable, and have him turned out; at the little ones he gets another horn, and goes out skylarking again. That the traverser in this case kept his house like all these little shops, and was quite a decent man in that line; that the shop was generally kept open on Sundays, and liquors sold and drank there on Sundays, to persons not lodgers or boarders there

The district attorney moved the court to instruct the jury as follows: "If the jury believe from the evidence that the traverser kept a public and open shop in this city, in which he sold liquors to persons not lodgers or boarders in his house, at times to persons who were drunk, at times to persons who came in drunk, and drank there and went out drunk; sometimes to persons who came out and went away from his house in a noisy manner and skylarking in the streets; that his shop was generally kept open on Sundays, and that persons not lodgers or boarders bought and drank spirituous liquors· in the shop on Sundays, and that he had no accommodations for travellers or boarders, neither beds nor stables for such accommodation, and that he had no license for keeping a public house from the corporation. then the charge of the indictment is sustained."

And the counsel for the traverser moved the court to instruct the jury as follows: "That, if the jury believe, from the evidence, that the house of Mr. Bede was not disorderly, and a subject of nuisance and complaint, by reason of noise and disorders, to his neighbors, then the traverser must be acquitted."

And the court gave the instruction asked for by the district attorney as stated above, and refused to give that asked by the traverser, and added that the court were not influenced by the traverser's not having a corporation license; that if at Mr Brown's or Mr. Gadsby's, or any other respectable public house in the city, the same sort of conduct took place as is charged in this case, the court would consider a house so kept a nuisance.

And Judge THURSTON. in further stating the opinion of the court, examined the question of what constituted a disorderly house, and in the course of that opinion inveighed in very strong terms against whiskey shops, especially against their being kept open and liquor sold on Sundays to every person; and at night to persons who left them in a state of inebriety, and disturbed the peace of society by violence. and injury to persons and property. He said it was unnecessary for him to argue the matter to the jury, but if from the evidence they should believe the facts charged, it sustained the indictment—and the jury were not bound to find all the facts charged, but so much as in their opinion made it a nuisance to the neighborhood, in which they should embrace the whole community; or so much as made it a disorderly house, to the disturbance of the public peace. and to the injury of public morals and public decency. And in this opinion Judge MORSELL expressed his concurrence.

The jury, after retiring for a short time. returned into court with a verdict of "Guilty."

[1] [Reported by Hon. William Cranch. Chief Judge.]